# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| MARY THERESE TURNER, | * | |
| Claimant | * | |
| v. | * | CASE NO. 4:09-CV-116-CDL-MSH |
| | | Social Security Appeal |
| MICHAEL J. ASTRUE, | * | |
| Commissioner of Social Security, | | |
| | * | |
| Respondent. | | |
| | * | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for disability benefits and supplemental security income, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. ▪ 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if

the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. ▪ 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. ▪ 404.1520(a)(4). First, the Commissioner determines whether the claimant is working. *Id.* If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the ▪Listing@. *Id.* Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## Administrative Proceedings

Claimant protectively applied for a period of disability and Disability Insurance

Benefits (DIB) on March 21, 2006, alleging disability as of April 25, 2000. (Tr. 43-49; ECF No. 11.) Claimant's application was denied, and on October 31, 2006, Claimant timely requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.*) The Claimant properly requested an ALJ hearing, and following the hearing, the ALJ issued an unfavorable decision on February 26, 2008. (*Id.*) The Appeals Council subsequently denied Claimant's Request for Review on May 13, 2009. (*Id.*) This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since October 1, 2007. (Tr. 13.) The ALJ also concluded that as of December 31, 2001, her last date insured, Claimant's depression and history of right leg fracture were severe, but that they – or any combination of her impairments – did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18-20.) The ALJ next found that Claimant had the residual functional capacity (RFC) to perform a range of light work. (Tr. 21.) The ALJ determined that Claimant was an individual closely approaching advanced age as of her date last insured, with a marginal education, who could communicate in English. (Tr. 23.) The ALJ then found that transferability of job skills was not relevant based on the Medical-Vocational Rules (GRIDS). (*Id.*) Considering the Claimant's age, education, work experience, and RFC, the ALJ found that jobs existed in significant numbers

in the national economy that Claimant could perform. (*Id.*)  Thus, the ALJ concluded that Claimant was not disabled.

## DISCUSSION

To establish entitlement to disability insurance benefits under Title II of the Social Security Act, a Claimant must be found to be disabled prior to the date of expiration of his or her insured status.  *See* 42 U.S.C. § 423 (a),(c); 20 C.F.R. §§ 404.101, 404.130, 404.131; *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); *Ware v. Schweiker*, 651 F.2d 408, 411 (5th Cir. 1981).  In this case, Claimant was required to establish that she was disabled as of December 31, 2001, her date last insured.

In her brief, Claimant raises several potential enumerations of error in this case:

A. Whether the ALJ's decision is supported by substantial evidence;
B. Whether improper legal standards were applied by the ALJ in arriving at a decision;
C. Whether the ALJ resolved conflicting evidence;
D. Whether the ALJ fully evaluated the entire record;
E. Whether the ALJ considered the disabling effects of pain;
F. Whether the ALJ disregarded significant credible portions of the Claimant's testimony, given the traumatic nature of her injury, her age, size, and ethnicity relative to osteoporosis;
G. Whether the ALJ's hypothetical questions to the VE [were] based on any fact in evidence, and whether the reliance on improper factual scenario was placed thereon in arriving at a decision;
H. Whether the ALJ's evaluation of the evidence was supported by the record;
I. Whether the ALJ ignored significant clinical findings.

(Cl.'s Mem. 1.)  Claimant, however, failed to develop most of these issues by citing to any relevant Regulation, statute, or legal authority in her brief.  All issues raised but not briefed by the Claimant in this case are deemed abandoned.  *See Tanner Adver. Group, L.L.C. v.*

5

*Fayette County, Ga.,* 451 F.3d 777, 785 (11th Cir. 2006) ("Under the established law of this Circuit, 'issues that clearly are not designated in the initial brief ordinarily are considered abandoned.'") (quoting *Hartsfield v. Lemacks,* 50 F.3d 950, 953 (11th Cir. 1995)); *SunAmerica Corp. v. Sun Life Assurance Co. of Can.,* 77 F.3d 1325, 1333 (11th Cir. 1996) ("As this Court has held repeatedly, '[a]n argument not made is waived.'") (quoting *Cont'l Technical Servs. v. Rockwell Int'l Corp.,* 927 F.2d 1198, 1199 (11th Cir. 1991)). As such, only the claims actually discussed by Claimant will be addressed.

After a thorough review of Claimant's Brief, the Court finds that the errors particularly cited by Claimant are: (A) that the ALJ erred at step two of the sequential analysis in not finding all of her impairments to be severe; (B) that the ALJ failed to properly analyze her impairments at step three and that she should have been found to be disabled as a matter of law at this step as she met the duration requirement of twelve months; and (C) that at stage five, Claimant should have been found to be disabled due to her RFC, education and age, and that the hypothetical question asked of the Vocational Expert did not include her correct RFC information. (Cl.'s Mem. in Supp. of Compl. 10-12, ECF No. 14.) Although these issues are not well-developed, they are noted and will be addressed.

A. <u>Step Two Error</u>

Claimant first argues that the ALJ erred in not finding all of her impairments to be severe at step two of the sequential analysis. (Cl.'s Mem. 10.) Specifically, the Claimant claims that in addition to the two impairments the ALJ found to be severe -- depression and

6

history of right leg fracture -- she also suffered from osteoporosis and osteoarthritis. (*Id.* at 10.) The record reveals that when she applied for disability insurance benefits on May 15, 2000, Claimant stated that her disabling impairments were "right leg and ankle injury, arthritis and nerves." (Tr. 67.) However, in the hearing, Claimant stated that she was not diagnosed with osteoarthritis until 2004. (Tr. 508, 512.) By her own testimony, Claimant acknowledges that her arthritis could not have been a severe impairment before her date last insured, Dec. 31, 2001, because she was not even diagnosed with the illness until 2004.

As the Regulations state, the burden of proving that she is disabled is on the Claimant. *See* 20 C.F.R. § 416.912. That means that "[i]n an action seeking disability benefits, the burden is upon the claimant to demonstrate existence of a disability as defined by the Social Security Act." *Brady v. Heckler,* 724, F.2d 914, 918 (11th Cir. 1984). Therefore, it is not the responsibility of the ALJ to analyze each and every impairment listed by the claimant to determine if that impairment causes or contributes to a claimant's inability to work. It is the sole responsibility of the claimant to do so. To require that the ALJ address every impairment cited by Claimant but not supported by medical records to determine its severity would remove the burden from the Claimant and place it squarely on the shoulders of the Commissioner.

In this case, Claimant has wholly failed to establish that her arthritis was a disabling condition prior to her date last insured. As such, her claim should fail.

B. Step Three Error

Claimant also contends that the ALJ failed to properly analyze all of her impairments at step three and that she should have been found to be disabled as a matter of law at this step as she met the duration requirement of twelve months. (Cl.'s Mem. 10,11.)

Claimant first asserts, with regard to her leg impairment, that the medical evidence satisfies Listings 1.02 Major dysfunction of a joint, 1.03 Reconstructive surgery of a major weight-bearing joint, and 1.06 Fracture of the femur, tibia, pelvis or one of the tarsal bones. (*Id.*) Within the same step, Claimant mentions that she suffered from depression. (Cl.'s Mem. 11.) Although Claimant argues that the evidence of record satisfies the specified Listings, there is not a single reference to any evidence in the record that would substantiate her claim. Furthermore, as noted above, the ALJ found that Claimant's history of right leg fracture and depression were severe impairments, and then discussed why those impairments did not meet any of the Listings as found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18-20.) Therefore, the Claimant has wholly failed to show that the ALJ erred at step three in evaluating her impairments.

Claimant also contends that she is disabled as a matter of law because she met the twelve-month duration requirement. (Cl.'s Mem. 11.) The Regulations define a disability as:

> the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than

8

> 12 months. To meet this definition, you must have a severe impairment(s) that makes you unable to do your past relevant work or any other substantial gainful work that exists in the national economy. If your severe impairment(s) does not meet or medically equal a listing in appendix 1, we will assess your residual functional capacity as provided in §§ 404.1520(e) and 404.1545. We will use this residual functional capacity assessment to determine if you can do your past relevant work. If we find that you cannot do your past relevant work, we will use the same residual functional capacity assessment and your vocational factors of age, education, and work experience to determine if you can do other work. (internal citations omitted.)

20 C.F.R. § 404.1505. As the Regulations plainly state, therefore, merely possessing a severe impairment which lasts or is expected to last for a continuous twelve month period is not enough to be found disabled within the meaning of the Regulations. The ALJ's findings establish that after determining Claimant's severe impairments, he properly proceeded to step three of the sequential analysis and discussed why her impairments did not meet any relevant Listing. Thus, no error is found at this step. [2]

### C. Step Five Error

Finally, Claimant argues that the ALJ erred in not finding her disabled at the last step of the sequential analysis when he considered her RFC, education, age, and work history. (Cl.'s Mem. 12.) She further claims that the hypothetical questions presented to the Vocational Expert (VE) did not include her "correct RFC information." (*Id.*)

---

2 Claimant also states in passing in this claim that she "was taking several medications, some of which would actively interfere with her daily functioning" and that her pain was not sufficiently considered by the ALJ. (Cl.'s Mem. 11.) These issues are typically evaluated at step four of the sequential analysis. 20 C.F.R. § 404.1520, app. 1, pt. 404. Furthermore, Claimant failed to develop these claims, and, as such, they are deemed waived. *See Tanner,* 451 F.3d at 785.

At step five, the Regulations state that the Commissioner must decide whether the claimant's capacity, age, education, and past work experience prevent the performance of any other work. 20 C.F.R. § 404.1520 (a)(4). In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. If the claimant proves that he/she cannot perform past relevant work at the fourth step, the burden shifts to the Commissioner to show, at the fifth step, that there is other work available in the economy that the claimant can perform. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir.1999).

Here, based on the evidence of record, the ALJ found at step four that Claimant met her burden of establishing that she could not perform her past relevant work. (Tr. 22.) Thus, he proceeded to step five to determine whether there was other work in the national economy that this Claimant could perform. (Tr. 23.) In doing so, the ALJ utilized the testimony of a VE.

It is the law of this circuit that hypothetical questions posed to a vocational expert must contain adequate assumptions or the answers given cannot constitute substantial evidence of ability to engage in substantial gainful activity. *Freeman v. Schweiker*, 681 F.2d 727, 730 (11th Cir. 1982). In order for a vocational expert's testimony in response to this question to constitute substantial evidence on which the ALJ may rely, the question must comprise all of the claimant's impairments. *Wilson v. Barnhart,* 284 F. 3d 1219, 1227 (11th Cir. 2002). The ALJ is not required to include in the question claims of impairments that he

has found unsupported. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir.2004).

Claimant contends that the ALJ committed reversible error where the hypothetical question he asked of the vocational expert did not include the correct RFC information, but she fails to state what information was not included. (Cl.'s Mem. 12.) Determinations of disability or RFC "are not medical opinions, . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination of disability." 20 C.F.R. § 404.1527(e); see also SSR 96-5p.

As discussed above, it is found that the ALJ did not err in determining Claimant's RFC. Thus, when the ALJ asked the VE what jobs a person with Claimant's RFC, age, education and work experience could perform, no error occurred. As such, Claimant's claim should fail.

## CONCLUSION

WHEREFORE, it is the recommendation to the United States District Judge that the decision of the Commissioner be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

THIS the 4th day of April, 2011.

S/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE